# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUBERT ELLINGTON

 Plaintiff,

v.

ILLINOIS CENTRAL RAILROAD
COMPANY
SERVE: CT Corporation System
    208 South LaSalle Street
    Suite 814
    Chicago, Illinois 60604

and

BNSF RAILWAY COMPANY
SERVE: CT Corporation System
    208 South LaSalle Street
    Suite 814
    Chicago, Illinois 60604

 Defendants.

CIVIL ACTION

NO. 07-319-DRH

ASBESTOS CASE

**JURY TRIAL REQUESTED**

## COMPLAINT

Now comes Plaintiff, Rubert Ellington, by his attorneys Gavin Law Firm; Moody, Strople, Kloeppel, Basilone & Higginbotham, Inc. and Glasser and Glasser, P.L.C., for his Complaint against Defendants, Illinois Central Railroad Company and the BNSF Railway Company, states:

 1. This cause of action arises under the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, the Federal Safety Appliance Act, 49 U.S.C. 20301 - 20306, and the Federal Boiler Inspection Act, 49 U.S.C. 20701 - 20703 as amended. The subject matter jurisdiction of this court arises from 28 USC §1331.

 2. Plaintiff is:

1

a. Plaintiff ("plaintiff-worker")

    Name:    Rubert Ellington

    Address:    Milan, Tennessee

    Date of Birth:    1914

b. Plaintiff's Spouse

    Name:    Virla Ellington

    Address:    Milan, Tennessee

    Date of Birth:    1919

3. Defendants are the railroad corporations listed in the caption and at all times relevant were doing business as common carriers of interstate and intrastate commerce and were engaged in interstate commerce and transportation within the Southern District of Illinois and were employers of Plaintiff-worker pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60.

4. Rubert Ellington was employed by Defendants from 1959 to 1979 and from 1957 to 1959 as a machinist and mechanic. During the course of his employment, Rubert Ellington was exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust in his workplace.

5. Rubert Ellington was engaged in the performance of his duties as an employee of the Defendants and/or Defendants' predecessors at the time in which he was exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust as hereinafter alleged.

6. At the time of his exposure to asbestos dust and/or fibers, and/or silica dust and/or coal dust, Rubert Ellington's duties were in furtherance of interstate

commerce, and his work directly, closely and substantially affected the interstate commerce carried on by the Defendant railroads and/or Defendants' predecessors.

7. In the performance of his duties, Rubert Ellington worked in, on and around railroad cars, locomotives, locomotive boilers and their appurtenances, locomotive repair shops and/or other shops and/or buildings.

8. In the performance of his duties, Rubert Ellington used and/or worked around others who used and/or hauled asbestos products and/or silica and/or coal on railroad cars, locomotives, locomotive boilers and their appurtenances, and he was exposed to the inhalation of asbestos dust and/or fibers, and/or silica sand and/or silica dust, and/or coal and/or coal dust resulting from the hauling and/or use of these products and/or materials.

9. While engaged in the course of his employment with the Defendants and/or Defendants' predecessors, Rubert Ellington was required to work with and around toxic substances, including but not limited to asbestos and materials containing asbestos, and/or silica and/or silica dust, and/or coal and/or coal dust.

10. At all times relevant, Rubert Ellington was unaware of the dangerous propensities of asbestos and/or asbestos-containing products, and/or silica and/or silica dust; and/or coal and/or coal dust.

11. At all times material hereto, Defendants and/or Defendants' predecessors knew, or should have known, that exposure to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust and/or coal dust was dangerous, toxic and potentially deadly.

12. At all times material hereto, Defendants and/or Defendants' predecessors knew, or should have known, that Rubert Ellington would be exposed to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust, and/or coal dust resulting from the use of and/or handling of said products and/or said materials.

13. Despite this knowledge, Defendants and/or Defendants' predecessors:

   (a) Failed to provide Rubert Ellington with a reasonably safe place to work;

   (b) Failed to furnish Rubert Ellington with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

   (c) Failed to warn Rubert Ellington of the true nature and hazardous effects of asbestos containing products and/or silica and/or coal;

   (d) Failed to operate the locomotive repair facility in a safe and reasonable manner;

   (e) Failed to provide instructions or a method for the safe use of asbestos containing products and/or silica and/or coal;

   (f) Failed to provide adequate, if any, instructions in the use and/or removal of asbestos products and/or the use, loading and/or hauling of silica and/or coal;

   (g) Failed to test said products and/or materials prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

(h) Failed to formulate and use a method of handling said products and/or materials, exposing Rubert Ellington to high concentrations of asbestos dust and/or fibers and/or silica dust and/or coal dust;

(i) Failed to provide Rubert Ellington with safe and proper ventilation systems in the locomotive repair facility;

(j) Allowed unsafe practices to become the standard practice;

(k) Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products and/or silica and/or coal;

(l) Failed to inquire of the suppliers of asbestos and/or silica and/or coal of the hazardous nature(s) of asbestos and/or silica and/or coal;

(m) Required employees to work with ultra-hazardous products and/or materials;

(n) Failed to exercise adequate, if any, care for the health and safety of employees, including Rubert Ellington;

(o) Failed to periodically test and examine Rubert Ellington to determine if he was subject to any ill effects of his exposure to said products and/or materials;

(p) Failed to periodically inspect the shops, buildings, equipment, railroad cars, locomotives, boilers, and their appurtenances in order to ascertain any dust and/or fiber contamination;

(q) Failed to limit access to areas where these products and/or materials were being used;

(r) Failed to advise Rubert Ellington to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

(s) Failed to advise Rubert Ellington to have his clothing and belongings cleaned outside of the home, failed to provide such cleaning services and failed to enforce the use of such services;

(t) Failed to provide Rubert Ellington with a separate locker for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not limited to asbestos fibers and/or dust and/or silica dust and/or coal dust from clothing worn at work;

(u) Failed to test said products and/or materials prior to use by Defendants and/or Defendants' predecessors' employees.

14. The Defendants and/or Defendants' predecessors failed to comply with the provisions and requirements of the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, as amended.

15. The Defendants and/or Defendants' predecessors, through their agents, servants and employees, violated the Locomotive Boiler Inspection Act, 49 U.S.C. 20701 - 20703, as amended, and Defendants and/or Defendants' predecessors failed to provide Rubert Ellington with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or around.

16. As a result in whole or in part of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Rubert Ellington was caused to contract asbestos-caused diseases and/or injuries, which are permanent and/or fatal and have caused and will continue to cause Rubert Ellington pain, suffering and mental anguish and will inevitably cause his death.

17. Rubert Ellington's asbestos-induced disease which was caused in whole or in part, by Defendants' negligent use of asbestos products and other negligent acts or omissions and Defendants' violation of the Locomotive Boiler Inspection Act did not occur or exist three years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to inhalation and/or ingestion of asbestos and/or industrial dust and fibers from Defendants' use of asbestos products.

18. As a result in whole or in part of the negligence and statutory violations described above, Rubert Ellington has suffered great pain, extreme nervousness and mental anguish and believes that his illness is permanent in nature and that he will be forced to suffer from the same for the remainder of his life. Rubert Ellington has been obliged to spend various sums of money for treatment and he will be obliged to continue to do so in the future. Rubert Ellington, who was a strong and able-bodied man has sustained a loss of earnings and earning capacity, and his ability to render services, society, affection, counseling and support to his family has been diminished, his life expectancy has been shortened and his enjoyment of life has been impaired. As a result in whole or in part of the negligence and statutory violations described above,

Rubert Ellington suffers from extreme nervousness, mental anxiety and fear of progression of his asbestos-caused diseases and/or injuries; and fear of contracting mesothelioma and/or other asbestos-caused cancers and/or other conditions, including, but not limited to cor pulmonale. In addition, Rubert Ellington, because of his asbestos-caused diseases and/or injuries, now has an increased risk of contracting mesothelioma and/or other asbestos-caused cancers and/or conditions including, but not limited to cor pulmonale.

For the reasons stated above, RUBERT ELLINGTON demands a jury trial and respectfully requests that a judgment be awarded against the Defendants, ILLINOIS CENTRAL RAILROAD COMPANY and BNSF RAILWAY COMPANY, in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), together with interest and costs of this proceeding as well as other such relief as may be appropriate under the circumstances.

GAVIN LAW FIRM

By: _____
William P. Gavin, Esq. #03127132
Gavin Law Firm
17 Park Place Professional Centre
Belleville, Illinois 62226
(618) 236-0100

John F. Conley, Esq. - IL Bar No. 6208774
H. Seward Lawlor, Esq.
Kip A. Harbison, Esq.
GLASSER & GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510

Willard J. Moody, Jr., Esq.
MOODY, STROPLE, KLOEPPEL,
   BASILONE & HIGGINBOTHAM, INC.
500 Crawford Street
Commerce Bank Bldg.
P.O. Box 1138
Portsmouth, Virginia 23705

## SCHEDULE I

### Plaintiff-Worker Employment History
### Asbestos Exposure Worksite Information

| EMPLOYER/WORKSITE | TRADE | APPROXIMATE DATES |
|---|---|---|
| Illinois Central Railroad Company, Jackson TN | Machinist | 1959-1979 |
| Illinois Central Railroad Company, Milan, TN | Machinist | 1959-1979 |
| BNSF Railway Company, Chicago, IL | Mechanic | 1957-1959 |

**RELATED ASBESTOS LITIGATION:**

Multi-District Litigation pending against various asbestos manufacturers.

**SMOKING HISTORY:**

Plaintiff smoked ½ pack of cigarettes per day and two cigars per week from 1935 until 1979.

**PLAINTIFF-WORKER WORKED WITH AND/OR AROUND THE FOLLOWING ASBESTOS-CONTAINING PRODUCTS:**

Block
Pipecovering
Cement
Gaskets and Packing
Cloth
Dust
Wall Covering
Brakeshoes and Friction Products
Insulation

**DEPENDENTS:**

Virla Ellington